UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
JOHN DOE,                                               :
                                                        :
                                                        :          12 Civ. 5054 (PAE)
                                Plaintiff,              :
                                                        :          OPINION & ORDER
                -v-                                     :
                                                        :
WASHINGTON POST CO. et al.,                             :
                                                        :
                                Defendants.             :
                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On June 27, 2012, this case was removed from New York State Supreme Court, Onondaga County, by defendant Robert Wisniewski, on the ground that plaintiff Eugene Fisch,[1] proceeding *pro se*, alleges a claim against a foreign state or its agent or instrumentality (Dkt. 1). Currently before the Court are two motions to dismiss, the first filed by defendants Newsweek, Inc., Richard Smith, Thomas E. Ascheim, The Washington Post Company, Donald E. Graham, Anne Applebaum, and Tomasz Deptula (the "Washington Post defendants") (Dkt. 6), and the second filed by defendant Comedy Partners (Dkt. 14). For the following reasons, the Complaint is dismissed, with prejudice, and, furthermore, Fisch is enjoined from commencing additional federal court actions within the State of New York relating in any way to the allegations contained in his four previous complaints, without prior authorization from the United States District Court for the Southern District of New York.

---

[1] The caption to this action lists only "John Doe" as plaintiff. However, the plaintiff identifies himself as Fisch repeatedly throughout the Complaint. *See, e.g.*, Compl. ¶¶ 6, 11, 18, 42. The Court cannot but construe the filing of this suit anonymously as an attempt to conceal Fisch's identity as a repeat vexatious filer within this and other districts.

[1]

I.     **Background**

In 2007, Fisch filed a complaint, more than 80 pages long, in the Southern District of New York, asserting claims against the Republic of Poland, as well as various Polish government officers and diplomats, in which he alleged breach of a $20 million oral contract between himself and the Polish government. Fisch further alleged that the Polish government authorized a Polish official to drug and rape him. The Hon. Loretta A. Preska dismissed Fisch's *in forma pauperis* action as frivolous, describing the allegations in the complaint as "baseless," "implausible," and "fantastic and delusional." *Fisch v. Republic of Pol.*, No. 07-cv-7204, 2009 WL 4030823, at *2 (S.D.N.Y. Nov. 20, 2009) ("*Fisch I*").

In 2011, Fisch filed a 476-page complaint in New York State Supreme Court, New York County, which was subsequently removed to the Southern District of New York. That complaint asserted 42 causes of action against 25 defendants, including various Polish government officers and diplomats, multiple federal judges, and various members of the media, including many of the Washington Post defendants. Fisch again alleged that the Polish defendants had been involved in a conspiracy to drug and rape him, and also brought libel claims based on an article in *Newsweek Polska*. The Hon. Shira A. Scheindlin dismissed the federal judges from the suit on the basis of immunity, and dismissed the remainder of the complaint as "prolix and unintelligible," in violation of Federal Rule of Civil Procedure 8. *Fisch v. Consulate Gen. of Republic of Pol.*, Nos. 11-cv-4182, 11-cv-4183, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) ("*Fisch II*"). Judge Scheindlin gave Fisch 30 days to file an amended complaint that complied with Rule 8. Because no such complaint was filed, the case was dismissed with prejudice.

Also in 2011, months after Judge Scheindlin dismissed his case, Fisch filed suit in the Northern District of New York. Fisch's 369-page complaint in that action alleged the same factual scenarios as his earlier complaints, and again named as defendants employees of the Embassy of the Republic of Poland, the Consulate General for the Republic of Poland of New York, and federal district and circuit court judges. The Hon. Thomas J. McAvoy dismissed the "long, rambling and confusing" complaint for failure to comply with Rule 8. *Fisch v. Consulate Gen. of Republic of Pol.*, No. 11-cv-1297, 2012 WL 1479722, at *1 (N.D.N.Y. Apr. 27, 2012) ("*Fisch III*"). Noting Fisch's "numerous frivolous filings" in the federal district courts for the Northern and Southern Districts of New York, Judge McAvoy enjoined Fisch from any further filings in the action, without leave of the Court. *Id.*

On or around May 2012, Fisch brought the Complaint in the instant action in state supreme court; it was removed to this Court on June 27, 2012. The Complaint runs 265 pages long and contains more than 1,000 paragraphs. Fisch sues 31 defendants, including the Embassy of the Republic of Poland, Consulate General for the Republic of Poland of New York, and various Polish diplomats. He brings 36 causes of action, centering on his allegations that the Polish government, after breaching a contract with him that otherwise would have resulted in a wildly profitable joint business venture, arranged for Fisch to be raped and drugged; that print, television, and online media entities have reported on these events in an untrue manner; and that various individuals, including Polish diplomats, members of the federal judiciary, courthouse employees, and Assistant United States Attorneys, have participated in a conspiracy to cover up the harms perpetrated on Fisch. He seeks in excess of $50 million in damages, as well as various special, punitive, and exemplary damages, plus attorney's fees and costs.

## II.     Prolixity of the Complaint

Rule 8 requires pleadings to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Court." *Ceparano v. Suffolk Cnty.*, No. 10-cv-2030, 2010 WL 5437212, at *3 (S.D.N.Y. Dec. 15, 2010) (citing *Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 32 (2d Cir. 2008)); *see also Fisch II*, 2011 WL 3847398, at *2 n.18 (collecting cases). "When a complaint is not short and plain, or its averments are not concise and direct, 'the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial.'" *In re Merrill Lynch & Co., Inc. Research Reports & Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Dismissal of such complaints "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

As noted above, Fisch's complaint is nearly 300 pages, and contains, at his count, 1,308 paragraphs. The factual narrative and legal claims are rambling and incoherent; a named defendant attempting to respond would struggle to comprehend Fisch's allegations. Furthermore, even when they approach lucidity, Fisch's claims strain credulity, by a wide margin. Fisch's Complaint so lacks traditional logic as to go beyond mere speculation, and pass into the realm of fantasy.

When a district court dismisses a complaint for prolixity, it "normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin*, 861 F.2d at 42. However, the inevitable conclusion based on Fisch's history of litigation in this district and

others is that this is not the normal case.  As outlined above, this is the fourth lawsuit Fisch has initiated in five years, naming largely the same defendants and making nearly identical rambling allegations.  When given the opportunity in the past to amend his complaint to achieve compliance with Rule 8, Fisch has failed to do so.  Accordingly, this action is dismissed with prejudice.  *See id.* (district court has power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, "such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible") (citing *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972), *cert. denied*, 411 U.S. 935 (1973)).

### III.     Permanent Injunction

It is well-settled in this Circuit that a district court possesses the authority to enjoin a litigant from further vexatious litigation.  *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23-24 (2d Cir. 1986) (citing 28 U.S.C. § 1651(a)) (collecting cases).  "'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'"  *Safir*, 792 F.2d at 24 (quoting *Abdullah v. Gatto*, 773 F.2d 487, 487 (2d Cir. 1985)).

In determining whether or not to restrict a litigant's future access to the courts, district courts should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Fisch's history of litigation, summarized above, can only be described as "vexatious, harassing [and] duplicative."  Despite never having received a resolution in his favor, he has

repeatedly brought claims, stemming from the same alleged incident, against the same defendants.  Although courts have repeatedly held that many of the individuals Fisch names as defendants, including diplomats and judges, are immune from suit, he continues to make allegations against them; plaintiff clearly does not have an objective good faith basis for believing his claims are meritorious.  Although this Court is mindful of the deference shown in this Circuit to *pro se* litigants, Fisch has demonstrated, through his refusal, despite multiple opportunities, to redraft his complaint to conform to Rule 8, that he is unwilling to assist the Court in effectively adjudicating his claims.

"'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Ulysses I & Co. v. Feldstein*, No. 01-cv-3102, 2002 WL 1813851, at *13 (S.D.N.Y. Aug. 8, 2002) (quoting *Safir*, 792 F.2d at 24).  Based on Fisch's litigation history, the Court concludes that it is exceedingly likely that Fisch will, if left unfettered, continue to abuse the judicial process.  Accordingly, Fisch is hereby permanently enjoined from pursuing further litigation in any federal court in the State of New York with respect to the alleged breach of contract by the Polish government; the Polish government's alleged plot to drug and rape Fisch; allegedly untrue media accounts of these events; and any alleged conspiracy to cover up these events, without first seeking authorization from the United States District Court for the Southern District of New York.  *See Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 30 (2d Cir. 2003); *Safir*, 792 F.2d at 24-25; *Ulysses I & Co.*, 2002 WL 1813851, at *14 (collecting cases in which litigant was permanently enjoined from future litigation within the area in which his prior vexatious litigation had occurred); *Fitzgerald v. Field*, No. 99-cv-3406, 1999 WL 1021568, at *6 (S.D.N.Y. Nov. 9, 1999).

## CONCLUSION

For the foregoing reasons, plaintiff's Complaint is dismissed with prejudice. All pending motions are denied as moot. The Clerk of Court is instructed to terminate all pending motions and to close this case.

Furthermore, plaintiff Eugene Fisch is permanently enjoined from bringing further litigation, on the subject matters outlined herein, in any federal court in the State of New York, without prior authorization from the United States District Court for the Southern District of New York.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 24, 2012
       New York, New York